**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| GUOLIANG LIU, | No. 16-72479 |
| Petitioner-Appellant, | Agency No. A205-778-517 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent-Appellee. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2022[**]
Pasadena, California

Before: WARDLAW and HURWITZ, Circuit Judges, and ROSENTHAL, District Judge.[***]

Guoliang Liu, a native and citizen of China, petitions for review of an order

of the Board of Immigration Appeals (BIA) dismissing his appeal from the denial

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Lee H. Rosenthal, Chief U.S. District Court Judge for the Southern District of Texas, sitting by designation.

by an Immigration Judge (IJ) of his applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition for review.

When "the BIA agrees with and incorporates specific findings of the Immigration Judge while adding its own reasoning, we review both decisions." *Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016). "We review factual findings, including adverse credibility determinations, for substantial evidence." *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014). Factual findings are upheld "unless any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* (quoting 8 U.S.C. § 1252(b)).

"[A]n adverse credibility determination must be made after considering 'the totality of the circumstances, and all relevant factors,'" *Shrestha v. Holder*, 590 F.3d 1034, 1040 (9th Cir. 2010), including, "the consistency between . . . written and oral statements . . . the consistency of such statements with other evidence of record . . . and any inaccuracies or falsehoods in such statements," regardless of whether they "go[] to the heart of the applicant's claim," 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Li v. Garland*, 13 F.4th 954, 959 (9th Cir. 2021) ("[W]e need not consider whether an inconsistency identified by the IJ or Board is central [to the petitioner's claim]."). The "IJ's observations about demeanor" are entitled to "special deference." *Kumar v. Garland*, 18 F.4th 1148, 1155 (9th Cir. 2021).

The BIA affirmed and adopted the IJ's adverse credibility finding based on Liu's inconsistent testimony, demeanor, and admission "that he had submitted false documents, concerning his marital status, assets and occupation, to the U.S. Consulate to facilitate obtaining his visa, and made misrepresentations during his visa interview." The IJ and BIA identified specific moments in the hearing when Liu was "extremely nervous" and his testimony seemed "memorized." The BIA noted that Liu testified inconsistently about whether he was beaten by police while in custody in China, and that the IJ reasonably found unpersuasive Liu's explanation for the discrepancy between his testimony that he was married in 1999, and his household registration, which did not include his wife until shortly before he filed his asylum claim.

Liu argues that he made false statements and submitted false documents to U.S. Consulate officials to escape from immediate danger in China, and that the IJ and BIA should not have considered those misrepresentations. *See Akinmade v. INS*, 196 F.3d 951, 955 (9th Cir. 1999) ("[A] genuine refugee escaping persecution may lie about his citizenship to immigration officials . . . ."). But substantial evidence supports the IJ's determination that Liu had instead decided to leave China because he did not believe that he could continue to make a living after his land was taken, and that he fled because he felt that he had therefore "lost [his] freedom," not because of persecution.

The totality of the circumstances supports the adverse credibility determination, *Li*, 13 F.4th at 958, and substantial evidence supports the BIA's determination that Liu did not present corroborative evidence that would rehabilitate his credibility or otherwise establish his eligibility for relief. *See Garcia*, 749 F.3d at 791. In the absence of credible testimony, Liu's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003); *Li*, 13 F.4th at 961.

Finally, substantial evidence supports the determination that Liu was not entitled to CAT protection, because his claim was based on the testimony found not credible, and because other evidence in the record did not compel the conclusion that it is "more likely than not" that Liu will be tortured by or with the consent or acquiescence of the government if he is removed to China. *See Almaghzar v. Gonzales*, 457 F.3d 915, 922–23 (9th Cir. 2006); *Shrestha*, 590 F.3d at 1048–49.

**PETITION FOR REVIEW DENIED.**